UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ROBERT ERICKSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 1:10-CV-333 |
|  | ) |  |
| DIANA L. MEYER; BRIAN MEYER; TIMBERLAND BAIT COMPANY a/k/a Timberland Bait Farm; RISING SUN ENTERPRISES TRUST a/k/a Rising Sun Trust a/k/a Rising Sun Enterprises; RONALD NOLL; RABER PATIO ENCLOSURES, LLC d/b/a Raber Patio Enclosure & Furniture d/b/a Raber Patios, | ) ) ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

The Plaintiff filed suit in this Court ostensibly based on diversity jurisdiction under 28 U.S.C. § 1332(a). (Docket # 1.) The Plaintiff's Complaint, however, is inadequate to establish this Court's subject matter jurisdiction.

To begin, the Plaintiff makes many—if not all—of his jurisdictional allegations on information and belief. However, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Accordingly, the Plaintiff must amend his Complaint to make *all* jurisdictional allegations on personal knowledge.

Furthermore, the Plaintiff's Complaint does not adequately address the citizenship of

Defendants Diana Meyer, Brian Meyer, and Ronald Knoll.  At best, the Complaint alleges that the Meyers are residents of Hudson, Indiana. (Compl. ¶ 4.)  Similarly, the Complaint alleges that Defendant Ronald Knoll is "believed to be a resident of the State of Indiana." (Compl. ¶ 8.)  However, the "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc*., 255 F.3d 410, 412 (7th Cir. 2001).  "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)).  "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").  The Plaintiff must therefore establish the citizenship—on personal knowledge—of Defendants Diana Meyer, Brian Meyer, and Ronald Knoll.

The Plaintiff next alleges that Defendant Timberland Bait Company is an "unregistered 'assumed name' for Brian Meyer and Diana Meyer and is not registered as a corporation with the State of Indiana." (Compl. ¶ 3.)  Based on this allegation, the Court cannot determine if it has jurisdiction over the Timberland Bait Company.  Although it is not entirely clear from the Complaint, the Plaintiff is apparently claiming that Timberland Bait Company is being operated as a sole proprietorship or an unincorporated association.  "[I]n the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals."

*Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (N.D. Ill. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Timberland Bait Company who are themselves an unincorporated association, as anything less can result in a dismissal or remand for want of jurisdiction. *Meyerson*, 299 F.3d at 617; *Carden v. Arkoma Assocs,* 494 U.S. 185 (1990); *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Accordingly, the Plaintiff must first amend its Complaint to specify how the Defendant Timberland Bait Company is organized. The Plaintiff must then address Timberland's citizenship, tracing that citizenship through multiple levels if necessary.

The Plaintiff's Complaint also fails with respect to Defendant Rising Sun Enterprises Trust. The Complaint alleges only that Rising Sun is "an entity" with its recorded address in Stroh, Indiana. (Compl. ¶ 7.) The Complaint makes no mention of what type of "entity" Rising Sun is (although presumably it is some type of trust), nor does it address Rising Sun's citizenship. Accordingly, the Plaintiff must amend its Complaint to specify what type of entity Rising Sun is and to establish its citizenship.

Finally, the Complaint alleges that, on information and belief, the owners of Defendant Raber Patio Enclosures LLC are residents of Indiana. (Compl. ¶ 9.) This allegation is insufficient to support the exercise of diversity jurisdiction. A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of *each member* of Raber Patio Enclosures, LLC to ensure that none of its members share a common citizenship with the Plaintiff. *See Hicklin Eng'g, L.C. v. Bartell*, 439

F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be traced through multiple levels for those members of Raber Patio Enclosures, LLC who are themselves a partnership or a limited liability company. *Mut. Assignment & Indem. Co*., 364 F.3d at 861.

To summarize, the Plaintiff must file an Amended Complaint forthwith, properly alleging on personal knowledge the citizenship of each Defendant. The Complaint may face dismissal if the Plaintiff is unable to establish this Court's subject matter jurisdiction.

SO ORDERED.

Enter for September 28, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge